-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRIAN JENKINS,

        Plaintiff,

    -v-

NORTH ATLANTIC EXTRADITION, et al.,,

        Defendants.

12-CV-0988Sc
ORDER

---

## PROCEDURAL BACKGROUND

Plaintiff, Brian Jenkins, an inmate at the Montgomery County Correctional Facility in Eagleville, Pennsylvania, filed a *pro se* complaint under 42 U.S.C. § 1983, which alleged, *inter alia*, that during plaintiff's extradition "trip," which began in Alabama, defendant North Atlantic Extradition Services ("NAES") and two of its officers, John Doe 1 and John Doe 2, drivers of the NAES Transport Van, violated a number of his constitutional rights and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.* Plaintiff claimed that the transport officers refused to provide him a C-PAP machine which he needed to sleep because if he fell asleep without the machine he could stop breathing, and failed to provide him with adequate meals during the trip. The Court, upon granting plaintiff permission to proceed *in forma pauperis*, dismissed the complaint without prejudice, pursuant to 28 U.S.C. § 1406(a), because there were no allegations which provided a proper basis for venue in this Court, *see* 28 U.S.C. § 1391(b). The Court found that, in the interest of justice, transfer was not warranted. (Docket No. 7, Order, at 3-5.)

Plaintiff has filed a Notice of Appeal (Docket No. 9), which includes a "Discussion" Section that states that he is filing the appeal "to reconsider a dismissal of his action against North Atlantic Extradition Services (NAES) and its two employees John Doe (1) and John Doe (2) pursuant to 28 U.S.C. [§§] 1391[,] 1406[a]." Plaintiff claims that he "understands" the dismissal of the claims against all the other defendants named in this action and asks that as a "lay-man" he not be penalized for filing the complaint in the wrong district. He acknowledges the Court's finding that he filed this action in the wrong district but asks that, in the interest of justice, defendants NAES and its two employees be held accountable for their actions and that this Court transfer this action to "its proper judicial district that holds jurisdiction over the defendants . . . ." The Notice of Appeal also asks the Court to reconsider the denial of his request for appointment of counsel.

The Court notes it has an obligation to liberally construe the papers of a *pro se* litigant and "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003). Accordingly, to the extent the Notice of Appeal requests this Court to reconsider its Order dismissing this action and to transfer it to a proper judicial district, and to reconsider the denial of plaintiff's request for counsel, the Court will construe the Notice of Appeal, in part, to seek reconsideration of its Order dismissing this action without prejudice pursuant to 28 U.S.C. § 1406(a) and its denial of the request for the appointment of counsel.

For the following reasons, the Court denies plaintiff's request to reconsider its Order dismissing this action and finds that plaintiff's motion for counsel is moot.

2

## DISCUSSION

The Court considers plaintiff's submission to be a motion under Fed. R. Civ. P. 60(b), which provides for relief from a final judgment, order, or proceeding when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time.[1] As noted, plaintiff claims that the Court should excuse his ignorance of the law when he brought his complaint in this Court and that NAES and its two unnamed employees, the John Doe transport officers, should be held accountable for their alleged conduct.

Nothing in plaintiff's request for reconsideration allows the Court to grant relief under Fed. R. Civ. P. 60(b) from the prior Order; plaintiff has not demonstrated that there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time, nor does he show that his claim should be reopened in the interest of justice. Plaintiff again fails to provide any facts which indicate where venue would be proper. The Court's Order noted specifically that a dismissal under § 1406(a) does not preclude plaintiff from bringing a new action against the defendants in the proper venue. (Docket No. 7, Order, at 5. Plaintiff is advised that he must file any new action against NAES and its employees in the proper district within the applicable statute of limitations.[2]

---

[1]The Court notes that while ordinarily a notice of appeal will deprive the Court of jurisdiction over plaintiff's request/motion, see Fed.R.App.P. 4(a)(4), the Court may entertain the motion if it decides, as it does here, that the motion must be denied. See, e.g., Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992).

[2]Because Congress did not establish a federal statute of limitations for actions brought in federal court under 42 U.S.C. § 1983, the federal courts are instructed to apply the state statute of limitations most analogous to § 1983 actions. Okure v. Owens, 488 U.S. 235 (1989); Board of Regents v. Tomanio, 446 U.S. 478 (1980). In a state with more than one statute of limitations for personal injury actions, courts should borrow "the general or residual statute for personal injury actions." Okure, 488 U.S. at 581-82.

Accordingly, to the extent that plaintiff's Notice of Appeals asks this Court to reconsider its prior Order and Judgment dismissing this action, it is hereby denied. Plaintiff's request that this Court reconsider his request for the appointment of counsel is denied as moot.

SO ORDERED.

_____
JOHN T. CURTIN
United States District Judge

DATED: 11/16, 2013
Buffalo, New York